Ford v. Wycoff.

——:——:——: consideration.

---

MARGARET C. FORD, Appellant, v. GEORGE W. WYCOFF, Respondent.

Kansas City Court of Appeals, January 10, 1898.

1. **Landlord and Tenant**: ATTACHMENT: THREATENING TO DISPOSE OF CROP. That the tenant is threatening to dispose of a crop is not made a cause of attachment under the statute, and a threat is less than an attempt.

2. ——: ——: AFFIDAVIT: ENDANGERING RENT. An affidavit that the tenant has disposed of oats and castor beans and threatens to dispose of the corn so as to endanger, etc., a collection of the rent, means that the rent is in danger by the disposition of either the oats, beans or corn.

3. ————: ————. Where the rent is for one third of the crop which consists of corn, oats, and beans, a disposal of the beans is an endangering the collection of the rent, even though there should be enough of the corn and oats to secure the value of the whole rent.

*Appeal from the Vernon Circuit Court.*—Hon. D. P. Stratton, Judge.

REVERSED AND REMANDED.

*Hoss & Scott* for appellant.

(1) The landlord has the right to have his rent paid in money or other things. 2 R. S. 1889, sec. 6384. (2) As to whether a tenant has disposed of the crop grown on the leased premises so as to endanger, hinder or delay the landlord in the collection of his rent, is a question of fact to be determined by the jury. *Caruthers v. Williams*, 53 Mo. App. 183; *Haseltine v. Ausherman*, 87 Mo. 413. (3) "The court should not take the case from the jury if there is any evidence, however slight, tending to sustain the allegations of the petition." *Kelly v. R. R.*, 70 Mo. 604; *Field v. R'y*, 46 Mo. App. 449; *Herboth v. Gaal*, 47 Mo. App. 255; *Torpey v. R'y*, 64 Mo. App. 382; *Higgins v. R'y*, 43 Mo. App. 547.

*H. H. Blanton* for respondent.

(1) It will be observed that the first reason for attachment alleged in the affidavit does not state that defendant disposed of the oats and castor bean crop grown on said place, so as to endanger, hinder or delay the collection of the rent. R. S. 1889, sec. 6384. (2) The second reason alleged in the affidavit is that defendant "threatens to dispose of the corn crop, so as to endanger, hinder and delay plaintiff in the collection of her rent, and she believes that unless an attachment

be issued she will lose her rent." A threat is an expression which may indicate an intention or design to do a thing, but an attempt is an act committed in furtherance of the accomplishment of that design.

ELLISON, J.—This action is an attachment for rent and was instituted under the landlord and tenant statute. The trial court sustained a demurrer to the evidence on the plea in abatement and plaintiff appeals. The rent to be paid was one third of the crop grown on the premises. The crop consisted of seventy acres of corn, ten acres of oats, and ten acres of castor ·beans.

Defendant seeks to justify the action of the court in his favor by questioning the allegations in the affidavit for attachment. The portion criticised is as follows: "That said George Wycoff has disposed of the oats and castor beans, crop grown on said place, and threatens to dispose of the corn crop, so as to endanger, hinder and delay plaintiff in the collection of her rent, and she believes that unless an attachment be issued she will lose her rent."

It will be noticed that the charge is that defendant threatens to dispose of the corn. The fourth cause of attachment specified in section 6384, Revised Statutes 1889, is where the tenant "shall in any manner dispose of the crop, or any part thereof, grown on the leased or rented premises, so as to endanger, hinder or delay the collection of the rent." The fifth cause is, "when he shall attempt to dispose of the crop, or any part thereof, grown on the leased or rented premises, so as to endanger, hinder or delay the collection of the rent." In neither instance is a *threat* to dispose of the crop made a cause of attachment. An attempt is specified as a cause; but a threat to do a thing is much less than an attempt to do it, and proof of a threat merely

LANDLORD
and tenant:
attachment:
threatening to
dispose of crop.

would not fill the measure of the statutory requirement.

2.   Concerning the next criticism made by defendant, it will be noticed that the statute requires the disposition or attempted disposition of the crop must be such as will endanger, hinder or delay the collection of the rent, and defendant contends that there is no allegation of the rent being endangered so far as the castor beans and oats are concerned.   We think that, considering the entire allegation, it may be fairly said that it means the rent was endangered by the disposal of either the oats, castor beans or corn.

—: —: affi-davit: endangering rent.

3.   There was evidence tending to show that all of the castor beans had been disposed of by the tenant, and therefore the demurrer to the evidence ought not to have been sustained. For since the rent reserved was one third of the crop grown on the premises, plaintiff was entitled to a third part of the different kinds of crops grown by the tenant.   So, notwithstanding there may have been abundance of other crops on the premises, yet the landlord is entitled to a share of *each* crop.   There is no other practical way to adjust the rights of the parties.   If a tenant may choose what crop he will pay the rent out of, there would be no way to fix values or differences between different crops.   If the landlord gets a third of the different kinds of crops and the tenant two thirds, it necessarily operates as a fair and proper division, to say nothing of it being the agreement between the parties.   The judgment is reversed and cause remanded.   All concur.